[No. B054610. Second Dist., Div. Four. Jan. 26, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
STEVEN THOMAS JONES, Defendant and Appellant.

**COUNSEL**

William Flenniken, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Acting Assistant Attorney General, Keith H. Borjon and Joseph P. Furman, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**TAYLOR, J.***—Following jury trial, appellant was convicted on 14 of the 19 counts alleged against him in the information. Except for the prior felony conviction enhancement allegations charged against him pursuant to Penal Code sections 667, 667.6 and 667.9,[1] which had been bifurcated on appellant's motion, all of the enhancement allegations charged against him were found by the jury to be true.[2] Appellant waived jury trial as to his alleged prior felony convictions and, at the time his waiver was taken, he was

---

*Judge of the Los Angeles Superior Court sitting under assignment by the Chairperson of the Judicial Council.

[1] All statutory references are to the Penal Code unless otherwise specified.

[2] These convictions and enhancements were as follows.

| Victim: | Ms. W. | |
|---------|--------|---|
| Count 3 | § 211—1st degree (Residential robbery) | § 12022.7 (great bodily injury) |
| Count 4 | § 288a, subd. (c) (Forcible oral copulation) | |
| Count 5 | § 261, subd. (a)(2) (Forcible rape) | |

advised by the prosecutor that the maximum sentencing consequence, if the priors were found true, was 18 years in state prison. The court found true that appellant had sustained prior serious felony convictions,[3] two (the

| | | |
|---|---|---|
| Count 6 | § 245, subd. (a)(1)<br>(Assault with a deadly weapon) | § 12022.7<br>(great bodily injury) |
| Victim:<br>Count 10 | E. Munoz<br>§ 211—1st degree<br>(Residential robbery) | § 12022.7<br>(great bodily injury)<br>§ 12022.7 |
| Count 11 | § 245, subd. (a)(1)<br>(Assault with a deadly weapon) | (great bodily injury) |
| Victim:<br>Count 12 | C. Ercek<br>§ 211—1st degree<br>(Residential robbery) | § 667.9<br>(victim under 14) |
| Victim:<br>Count 13 | C. Poiry<br>§ 211—1st degree<br>(Residential robbery) | § 12022, subd. former (d)<br>(use of knife)<br>§ 667.9 (victim over 65) |
| Count 14 | § 12021<br>(Possession of a firearm) | |
| Victim:<br>Count 15 | D. Twonbley<br>§ 211—1st degree<br>(Residential robbery) | § 12022.7<br>(great bodily injury)<br>§ 667.9 (victim over 65)<br>§ 12022.5 (personal use of a gun) |
| Count 16 | § 245, subd. (a)(2)<br>(Assault with a firearm) | § 12022.7<br>(great bodily injury)<br>§ 12022.5<br>(personal use of a gun) |
| Count 17 | § 12021<br>(Possession of a firearm) | |
| Victim:<br>Count 18 | D. Bagley<br>§ 211—1st degree<br>(Residential robbery) | § 667.9<br>(victim over 65)<br>§ 12022.5<br>(personal use of a gun) |
| Count 19 | § 245, subd. (a)(2) | § 12022.5<br>(personal use of a gun) |

[3]The number of prior convictions found true is unclear in the reporter's transcript of the proceedings; the minute order of August 30, 1990, indicates four prior convictions were found true by the court. Appellant admitted that he had been convicted of one count of robbery and one count of rape against each of two victims. These two cases appear to form the bases for the court's findings and for the enhancement terms imposed under sections 667, subdivision (a) and 667.6, subdivision (a). For our discussion, we treat these as two prior convictions, each with two counts. Appellant also admitted that he had sustained five other robbery

robberies) within the meaning of section 667, subdivision (a)[4] and two (the rapes) within the meaning of section 667.6, subdivision (a).[5]

On counts 4 and 5, as to which appellant was convicted of forcible oral copulation and forcible rape, appellant was sentenced to the upper term as to each, fully consecutive pursuant to section 667.6, subdivision (c).[6] On the sentences for these counts, the court added a further five years to each, pursuant to section 667.6, subdivision (a), based on appellant's prior rape convictions. Having so done, the court imposed two 5-year enhancement terms pursuant to section 667, subdivision (a), but stayed these pursuant to section 654.[7]

Among the six convictions sustained by appellant for residential robberies, three were against victims who were sixty-five years of age or older and one was against a victim who was under the age of fourteen. As to each of these four counts, the court imposed, pursuant to section 667.9, a full two-year enhancement term to be served consecutively to the term imposed on the underlying robbery conviction, and consecutive to the time imposed and not stayed on the remaining counts. Appellant was sentenced, in total, to

convictions against five separate victims. The four exhibits submitted to the court in the proceeding were not made part of the record on appeal. No challenge is raised by appellant to the number of prior convictions found true. These prior convictions arose from charges set forth in a bill of indictment to which appellant had entered guilty pleas in Philadelphia, Pennsylvania, on November 18, 1980.

[4]Section 667, subdivision (a) provides: "In compliance with subdivision (b) of Section 1385, any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively."

[5]Section 667.6, subdivision (a) provides in pertinent part: "Any person who is found guilty of violating subdivision (2) . . . of Section 261, . . . or of committing . . . oral copulation in violation of Section . . . 288a by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person who has been convicted previously of any of those offenses shall receive a five-year enhancement for each of those prior convictions. . . ."

[6]Section 667.6, subdivision (c) provides in pertinent part: "In lieu of the term provided in Section 1170.1, a full, separate, and consecutive term may be imposed for each violation of . . . subdivision (2) . . . of Section 261, . . . or of committing . . . oral copulation in violation of Section . . . 288a by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person whether or not the crimes were committed during a single transaction. If the term is imposed consecutively pursuant to this subdivision, it shall be served consecutively to any other term of imprisonment. . . ."

[7]Prior to staying these enhancement terms, the court had been advised by the prosecutor, "I don't think the court can impose those [terms]. I don't think the court can impose them twice. And I think that they need to be stayed pursuant to 654." No claim of error is raised by either side concerning the court's determination as to the applicability of section 654.

56 years and 8 months in state prison, 18 years of which were for enhancement terms imposed pursuant to sections 667.6, subdivision (a) and 667.9.

Timely notice of appeal was filed.

Appellant contends in this case of first impression that the trial court erred in imposing four full-term enhancements under section 667.9, particularly since no unstayed term was imposed under section 667, subdivision (a). No further discussion of the facts concerning the offenses or the procedural background is required to reach appellant's claim of error by the court below.

### DISCUSSION

### I

We turn first to appellant's contention that, if the application of section 667.9 was valid, it was error for the court to impose full successive two-year enhancement terms under section 667.9.

At the time of appellant's conviction, section 667.9 provided in pertinent part: "(a) Any person who has a prior conviction for any of the offenses listed in subdivision (b), and who commits one or more of the crimes listed in subdivision (b) against a person who is 65 years of age or older, or against a person who is blind, a paraplegic, or a quadriplegic, or against a person who is under the age of 14 years, and that disability or condition is known or reasonably should be known to the person committing the crime, shall receive *a two-year enhancement* for *each* violation *in addition to the sentence provided under Section 667.* [¶] (b) Subdivision (a) applies to the following crimes: [¶] (1) Robbery, in violation of Section 211." (Italics added.)

This law, which was denominated the Defenseless Victim Sentencing Act in the Legislature, has as its goal that recidivists with prior serious felony convictions be given greater punishment for subsequent serious felony crimes than that provided generally under section 667, subdivision (a), if their subsequent crimes are against victims who are particularly vulnerable because of their age or by reason of disability. Toward this end, this code section provides that a recidivist whose new serious felony crime is committed, as here, against a person who is 65 years of age or older, or against a person who is under the age of 14 years, *shall* receive a 2-year enhancement for *each* violation *in addition* to the sentence provided under section 667.

Despite the apparent clarity of the language of section 667.9, appellant contends that the trial court erred by imposing full term enhancements on all four consecutive sentences, rather than imposing one-third the full enhancement, on the second, third and fourth application of the section, as is called for by section 1170.1. Appellant cites to subdivisions (a) and (d) of section 1170.1, which provide in pertinent part: "(a) . . . The subordinate term for each consecutive offense which is a 'violent felony' . . . shall consist of one-third of the middle term of imprisonment prescribed for each other such felony conviction for which a consecutive term of imprisonment is imposed, and shall include one-third of any enhancements imposed pursuant to Section 667.8, 667.85, 12022, 12022.2, 12022.4, 12022.5, 12022.55, 12022.7, 12022.75, or 12022.9. [¶] . . . (d) When the court imposes a prison sentence for a felony pursuant to Section 1170, the court shall also impose the additional terms provided in Sections 667, 667.5, 667.8, 667.85, 12022, 12022.2, 12022.4, 12022.5, 12022.55, 12022.6, 12022.7, 12022.75, and 12022.9, and the additional terms provided in Section 11370.2, 11370.4, or 11379.8 of the Health and Safety Code, unless the additional punishment therefor is stricken pursuant to subdivision (h). The court shall also impose any other additional term which the court determines in its discretion or as required by law shall run consecutive to the term imposed under Section 1170." Neither subdivision includes section 667.9 within its enumerated sections.

Taking these subdivisions of section 1170.1 together with the provisions of section 667.9, appellant claims there is an uncertainty as to the meaning of section 667.9, and that, if application of section 667.9 was valid here, appellant should be given "the benefit of the doubt and the three enhancements [should be] reduced to eight months each from the present two years each."

Appellant argues, in effect, that since the section 667.9 enhancement is not listed in subdivision (d) of section 1170.1, it should be deemed included in subdivision (a). Appellant attributes the fact that section 667.9 is not included in subdivision (a) to "draftsman's oversight." We do not agree.

■ "The fundamental rule is that a court should ascertain the intent of the Legislature so as to effectuate the law's purpose, and in determining intent the court first turns to the words used. [Citation.] [¶] When statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it. [Citations.]" (*People* v. *Overstreet* (1986) 42 Cal.3d 891, 895 [231 Cal.Rptr. 213, 726 P.2d 1288].) ■ The words of

section 667.9 are clear and mandate that a recidivist who has a prior conviction of a specified serious felony, *shall* receive for later serious felonies against vulnerable victims, a further two-year enhancement for *each* such violation above the amount of prison time imposed by the sentencing judge pursuant to section 667, subdivision (a).

Section 1170.1, subdivision (a), in setting forth those enhancements on which one-third of the middle term of imprisonment is to be imposed on consecutive terms, does *not* include section 667.9. It is also true that subdivision (d) does not list section 667.9 as a section in which an additional term is to be imposed unless the additional punishment therefor is stricken. We cannot, however, concur with appellant's assessment that either of these "omissions" is "as easily explained by draftsman's oversight as it is by legislative intent." This is because the words of section 667.9 are clear, unambiguous and mandatory, and because the rule that "the Legislature is deemed to be aware of existing laws . . . in effect at the time legislation is enacted" and to have acted based upon such knowledge (*People* v. *Overstreet, supra,* 42 Cal.3d at p. 897) is particularly appropriate in this instance.

Section 667.9 was enacted in 1985 and amendments of 1986 and 1987 made no change to the language of its subdivision (a). Section 1170.1, which was enacted a decade earlier, was amended in 1985, 1986, 1987, 1988, 1989 and 1990. The Legislature, having had six opportunities to include section 667.9 in subdivision (a) of section 1170.1, beginning in 1985, the year of 667.9's enactment (which put it within the immediate purview of the members of both houses), chose not to include it within that subdivision or within subdivision (d). We cannot but conclude that the Legislature believed the language of section 667.9 to be clear, and, hence, that it was neither necessary nor appropriate to restate it in section 1170.1, subdivision (d).

We find further support for this conclusion in the fact that section 667 *is* included in subdivision (d) and, as discussed below, section 667.9 provides an enhancement term *to be added to* section 667, subdivision (a).

## II

The more interesting issue in this case, and ultimately dispositive, is also a matter of first impression: whether the sentencing court could validly impose enhancements at all under section 667.9 inasmuch as the two serious felony enhancement terms the court imposed were pursuant to section 667.6, subdivision (a), and the two enhancement terms imposed under section 667, subdivision (a), were stayed.

Given the language of section 667.9, we conclude that it could not. This is because section 667.9 provides that the "two-year enhancement for each violation [shall be] *in addition to the sentence provided under Section 667.*" (Italics added.)

Further, section 667, subdivision (c), provides that "[t]he Legislature may increase the length of the enhancement of sentence provided in this section, . . ." It appears that this subdivision contemplates the provision of further enhancement terms to that provided by subdivision (a) in particular instances such as are set forth in section 667.9.

With respect to this issue, two things are clear from the record before us: First, that the trial court determined that serious felony enhancements for appellant's two prior convictions could not be imposed under both sections 667, subdivision (a) and 667.6, subdivision (a) on the basis that this was precluded by section 654's proscription against double punishment.[8] Second, the trial court intended that appellant be punished pursuant to section 667.9 by additional state prison time as a consequence of the serious felonies he perpetrated against a youth and three elderly persons.

 The trial court correctly concluded that enhancement terms could not be imposed under both sections 667, subdivision (a) and 667.6, subdivision (a). Sections 667, subdivision (a) and 667.6, subdivision (a) each provide for the imposition of an additional five-year term of imprisonment for a recidivist who has sustained a denominated felony conviction after having been previously convicted of the same or another denominated felony in the past. The difference between the sections is that the offenses subject to the provisions of section 667, subdivision (a) include rape and forcible oral copulation (as well as sodomy by force, and lewd act on a child) among a more general listing of "serious felonies"[9] and section 667.6, subdivision (a) includes rape and forcible oral copulation among other listed serious felony

---

[8]Section 654 provides: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

[9]Section 667, subdivision (d) defines "serious felony" by reference to the serious felonies listed in subdivision (c) of section 1192.7. At the time of appellant's offenses, these included: "(1) Murder or voluntary manslaughter; (2) mayhem; (3) rape; (4) sodomy by force, violence, duress, menace, threat of great bodily injury, or fear of immediate and unlawful bodily injury on the victim or another person; (5) oral copulation by force, violence, duress, menace, threat of great bodily injury, or fear of immediate and unlawful bodily injury on the victim or another person; (6) lewd or lascivious acts on a child under the age of 14 years; (7) any felony punishable by death or imprisonment in the state prison for life; (8) any other felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice, or any felony in which the defendant personally uses a firearm; (9) attempted murder; (10)

sex offenses (which include rape in concert, lewd act by force, penetration by foreign object and sodomy by force). Nothing in either of these statutes or in their legislative histories suggests that the Legislature intended that both enhancement terms be applied where, as here, a single conviction (here each involving a count of robbery and a count of rape) qualifies for an enhancement under both sections. Given the overlap between the two statutes noted above, we are loathe to conclude that the Legislature had such distinct, differing policies in mind in enacting them that it intended both to apply to a single conviction which contained two or more qualifying counts. (See *People* v. *Medina* (1988) 206 Cal.App.3d 986 [254 Cal.Rptr. 89].) We conclude, therefore, as did the court below, that an enhancement term for a single prior conviction cannot be imposed twice, i.e., pursuant to both sections. The court must impose the enhancement term under one section only. ■ We disagree with the trial court, however, that the enhancement term not to be served by appellant should be stayed pursuant to section 654.

Appellate courts have differed over whether section 654 applies to enhancements (see discussion in 3 Witkin & Epstein, Cal. Criminal Law (1991 pocket supp.) Punishment for Crime, § 1384, pp. 30-31.) We concur with the view that section 654 applies to criminal *acts* or omissions, and not to *facts*, such as the existence of a prior felony, on which recidivist provisions depend. (See *People* v. *Rodriguez* (1988) 206 Cal.App.3d 517 [253 Cal.Rptr. 633]; see also *People* v. *Eberhardt* (1986) 186 Cal.App.3d 1112 [231 Cal.Rptr. 387].)

There is a dilemma for a trial court in determining how to sentence when, as here, prior convictions have been pleaded and proved under both sections 667, subdivision (a) and 667.6, subdivision (a), and, particularly so, if further enhancement terms may be imposed under section 667.9. As we will remand this matter for resentencing as to these enhancement terms, we turn now to a discussion of the dilemma we see in order to assist the court below

---

assault with intent to commit rape or robbery; (11) assault with a deadly weapon or instrument on a peace officer; (12) assault by a life prisoner on a noninmate; (13) assault with a deadly weapon by an inmate; (14) arson; (15) exploding a destructive device or any explosive with intent to injure; (16) exploding a destructive device or any explosive causing great bodily injury or mayhem; (17) exploding a destructive device or any explosive with intent to murder; (18) burglary of an inhabited dwelling house, or trailer coach as defined by the Vehicle Code, or inhabited portion of any other building; (19) robbery; (20) kidnapping; (21) holding of a hostage by a person confined in a state prison; (22) attempt to commit a felony punishable by death or imprisonment in the state prison for life; (23) any felony in which the defendant personally used a dangerous or deadly weapon; (24) selling, furnishing, administering, giving, or offering to sell, furnish, administer, or give heroin, cocaine, or phencyclidine (PCP) to a minor; any attempt to commit a crime listed in this subdivision other than an assault."

and to edify other courts which may be confronted by this situation in the future.

██ If a court chooses to impose the enhancement term under section 667, subdivision (a), there is no statutory or case law impediment to the court's striking the enhancement under section 667.6, subdivision (a). However, if a court determines to exercise its discretion to impose the enhancement term pursuant to section 667.6, subdivision (a), it can neither strike nor stay the enhancement under section 667, subdivision (a).

Section 1385, effective as of May 6, 1986, provides that, while a judge or magistrate may order an action to be dismissed in the furtherance of justice, setting forth the reasons for the dismissal in its order, the section "does not authorize a judge to strike any prior conviction of a serious felony for purposes of enhancement . . . under Section 667."[11]

As we discussed above, we have concluded that neither enhancement, under section 667, subdivision (a) or 667.6, subdivision (a), may be stayed.

As a consequence of a trial court's inability presently to stay or strike a section 667, subdivision (a) enhancement term, in those cases in which a prior conviction is found to be true within the meanings of both sections 667, subdivision (a) and 667.6, subdivision (a), a court will, effectively, have to choose to apply the enhancement term under section 667, subdivision (a). This result conforms with what appears to be a policy choice of the Legislature, set forth by implication in sections 1385 and 667, subdivision (b); to wit, that section 667 is to be applied over any other enhancement choice, unless the punishment provided under another provision of law would result in a longer term of imprisonment.

### DISPOSITION

The case is remanded to the trial court for resentencing as to the prior convictions under sections 667, subdivision (a), 667.6, subdivision (a), and as to the section 667.9 enhancements.

If the court elects to sentence pursuant to section 667.9, it must sentence under section 667, subdivision (a) and strike the enhancements under section

---

[11]Section 667, subdivision (b) does, however, appear to make an exception (not here applicable) to the rule of section 1385, subdivision (b) in that it provides that "[t]his section shall not be applied when the punishment imposed under other provisions of law would result in a longer term of imprisonment."

667.6, subdivision (a). The court may not strike or stay an enhancement imposed under section 667, subdivision (a).

Woods (A. M.), P. J., and Epstein, J., concurred.

On February 24, 1993, the opinion was modified to read as printed above.