[No. F019551. Fifth Dist. July 22, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
RONALD FLOURNOY, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II and III.

## COUNSEL

Phillip I. Bronson, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Shirley A. Nelson and Derald E. Granberg, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**DIBIASO, Acting P. J.—**

### PROCEDURAL HISTORY

On November 24, 1992, an amended information was filed in Madera County Superior Court, charging appellant Ronald Flournoy with forcible

rape (Pen. Code,[1] § 261, subd. (a)(2)). The amended information contained enhancement allegations concerning convictions previously suffered by Flournoy in Madera County Superior Court case Nos. 5150 and 5931. With regard to case No. 5150, it was alleged that on or about May 26, 1981 (later amended by interlineation to Aug. 21, 1981), Flournoy was convicted of attempted rape, thereby suffering a serious felony conviction (§ 667, subd. (a)), for which Flournoy served a prison term (§ 667.5, subd. (b)). With regard to case No. 5931, it was alleged that on or about March 1, 1984, Flournoy was convicted of burglary of an inhabited residence, thereby suffering a serious felony conviction (§ 667, subd. (a)); and was also convicted of rape, thereby suffering a serious felony conviction (§ 667, subd. (a)) and a conviction for an enumerated sex offense (§ 667.6, subd. (a)), for which Flournoy served a prison term (§ 667.5, subd. (b)).

Following a court trial, Flournoy was found guilty as charged and all special allegations were found to be true. His motion for a new trial was denied, and he was sentenced to 30 years in prison. The sentence consisted of the upper eight-year term for the current offense; plus consecutive terms of five years (§ 667, subd. (a)) and one year (§ 667.5, subd. (b)) for the 1981 attempted rape conviction (case No. 5150); five years (§ 667, subd. (a)) for the 1984 burglary conviction (case No. 5931); and five years (§ 667, subd. (a)), five years (§ 667.6, subd. (a)), and one year (§ 667.5, subd. (b)) for the 1984 rape conviction (case No. 5931).

For the reasons expressed in the published portion of this opinion, we will order stricken the five-year enhancement imposed pursuant to section 667.6, subdivision (a) for the 1984 rape conviction in case No. 5931. For the reasons expressed in the unpublished portions of this opinion, we will order stricken the five-year enhancement imposed pursuant to section 667, subdivision (a) for the 1984 burglary conviction in case No. 5931, as well as both one-year enhancements imposed pursuant to section 667.5, subdivision (b).

## DISCUSSION

### I. *Imposition of Section 667, Subdivision (a) and Section 667.6, Subdivision (a) Enhancements for the 1984 Rape Conviction.*

Section 654 provides in part: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; . . . ." Flournoy contends the trial court violated this rule by imposing two 5-year enhancements, one pursuant to subdivision (a) of section 667 and the other pursuant to subdivision (a) of section 667.6, for his

---

[1]All statutory references are to the Penal Code.

1984 rape conviction in case No. 5931. The People respond that the single prior conviction lawfully supports both enhancements. While acknowledging a conflict in appellate decisions concerning the subject, the People urge us to follow those cases which have taken the position that section 654 does not apply to enhancements.[2]

Section 667.6 was enacted by the Legislature in 1979 in order to increase, in certain circumstances, the punishment for persons convicted of serious sex offenses. (*People* v. *Siko* (1988) 45 Cal.3d 820, 822 [248 Cal.Rptr. 110, 755 P.2d 294].) Subdivision (a) of section 667.6 states in pertinent part: "Any person who is found guilty of violating paragraph (2) . . . of subdivision (a) of Section 261, . . . who has been convicted previously of any of those offenses shall receive a five-year enhancement for each of those prior convictions provided that no enhancement shall be imposed under this subdivision for any conviction occurring prior to a period of 10 years in which the person remained free of both prison custody and the commission of an offense which results in a felony conviction."

The 1982 initiative measure known as Proposition 8 added section 667 to the Penal Code and article I, section 28, subdivision (f) to the California Constitution.[3] The electorate's intent in enacting these provisions was to increase sentences for recidivist offenders. (*People* v. *Jones* (1993) 5 Cal.4th 1142, 1147 [22 Cal.Rptr.2d 753, 857 P.2d 1163].) Section 667 provides a sentence enhancement for those persons who repeatedly commit serious felonies.[4] To the extent material, subdivision (a) of section 667 states: "In compliance with subdivision (b) of Section 1385, any person convicted of a serious felony who previously has been convicted of a serious felony in this state . . . shall receive, in addition to the sentence imposed by the court for

---

[2]Cases which have decided section 654 is not applicable to enhancements include *People* v. *Rodriguez* (1988) 206 Cal.App.3d 517, 519 [253 Cal.Rptr. 633]; *People* v. *Parrish* (1985) 170 Cal.App.3d 336, 344 [217 Cal.Rptr. 700] (section 654 "generally" does not apply); *People* v. *Le* (1984) 154 Cal.App.3d 1, 12, fn. 11 [200 Cal.Rptr. 839]; *People* v. *Stiltner* (1982) 132 Cal.App.3d 216, 229 [182 Cal.Rptr. 790]; and *People* v. *Boerner* (1981) 120 Cal.App.3d 506, 511 [174 Cal.Rptr. 629].

Cases which have said section 654 is applicable to enhancements include *People* v. *Price* (1992) 4 Cal.App.4th 1272, 1277 [6 Cal.Rptr.2d 263]; *People* v. *Mixon* (1990) 225 Cal.App.3d 1471, 1487 [275 Cal.Rptr. 817]; *People* v. *Vaughn* (1989) 209 Cal.App.3d 398, 400 [257 Cal.Rptr. 229] (section 654 applies "in appropriate cases"); *People* v. *Dobson* (1988) 205 Cal.App.3d 496, 501 [252 Cal.Rptr. 423] ("now well-accepted" that section 654 applies); *People* v. *Hopkins* (1985) 167 Cal.App.3d 110, 117 [212 Cal.Rptr. 888]; and *People* v. *Carter* (1983) 144 Cal.App.3d 534, 543 [193 Cal.Rptr. 193].

[3]As relevant to the instant case, California Constitution, article I, section 28, subdivision (f) states: "Any prior felony conviction . . . shall subsequently be used without limitation for purposes of . . . enhancement of sentence in any criminal proceeding."

[4]Rape constitutes a "serious felony" within the meaning of the statute. (§§ 667, subd. (d), 1192.7, subd. (c)(3).)

the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively."

In *People* v. *Jones* (1993) 12 Cal.App.4th 1106 [16 Cal.Rptr.2d 60], Division Four of the Second District Court of Appeal held that enhancement terms could not be imposed under both section 667, subdivision (a) and section 667.6, subdivision (a). The court explained: "Sections 667, subdivision (a) and 667.6, subdivision (a) each provide for the imposition of an additional five-year term of imprisonment for a recidivist who has sustained a denominated felony conviction after having been previously convicted of the same or another denominated felony in the past. The difference between the sections is that the offenses subject to the provisions of section 667, subdivision (a) include rape . . . among a more general listing of 'serious felonies' and section 667.6, subdivision (a) includes rape . . . among other listed serious felony sex offenses . . . . Nothing in either of these statutes or in their legislative histories suggests that the Legislature intended that both enhancement terms be applied where, as here, a single conviction . . . qualifies for an enhancement under both sections. Given the overlap between the two statutes noted above, we are loathe to conclude that the Legislature had such distinct, differing policies in mind in enacting them that it intended both to apply to a single conviction which contained two or more qualifying counts." (*People* v. *Jones, supra,* 12 Cal.App.4th at pp. 1115-1116, fn. omitted.)

Unlike the Court of Appeal in *Jones,* we will not decide what effect, if any, section 654 has upon the two statutes in question. Instead, in accord with the Supreme Court's decision in *People* v. *Jones, supra,* 5 Cal.4th 1142, we resolve on different grounds the question whether the trial court correctly imposed both enhancements.

In *Jones,* the trial court imposed separate terms under section 667, subdivision (a) and section 667.5, subdivision (b) for the same prior conviction.[5] (*People* v. *Jones, supra,* 5 Cal.4th at p. 1145.) The Supreme Court held this was improper and ordered the one-year enhancement under section 667.5, subdivision (b) to be stricken. (*Jones, supra,* at p. 1153.)

---

[5]Section 667.5 generally provides for enhancement of prison terms for new offenses based on prior prison terms. If the new offense is a violent felony (as specified in subd. (c) of the statute), a three-year consecutive term is mandated for each prior prison term served by the defendant where the prior conviction also involved a violent felony. However, "no additional term shall be imposed . . . for any prison term served prior to a period of 10 years in which the defendant remained free of both prison custody and the commission of an offense which results in a felony conviction." (§ 667.5, subd. (a).) For other felony offenses for which a prison sentence is imposed, a one-year consecutive term is mandated for each prior separate prison term served for any felony, "provided that no additional term shall be imposed . . . for

The court first reiterated its determination in *People* v. *Prather* (1990) 50 Cal.3d 428 [267 Cal.Rptr. 605, 787 P.2d 1012] that section 667.5, subdivision (b) " 'merely provides a special sentence enhancement for that particular *subset* of "prior felony convictions" that were deemed serious enough . . . to warrant actual imprisonment. . . .' " (*People* v. *Jones, supra*, 5 Cal.4th at p. 1148; see *People* v. *Prather, supra*, 50 Cal.3d at p. 440.) It then concluded that section 667, subdivision (a) and section 667.5, subdivision (b) apply to the same set of facts, that is, the underlying prior felony conviction. (*Jones, supra*, at p. 1149.)

The court next decided that the electorate did not intend the two enhancements to be cumulatively imposed. (*People* v. *Jones, supra*, 5 Cal.4th at pp. 1149-1150.) The court read subdivision (b) of section 667 to mean that "when multiple statutory enhancement provisions are available for the same prior offense, one of which is a section 667 enhancement, the greatest enhancement, but only that one, will apply."[6] (5 Cal.4th at p. 1150.) In the court's estimation, any other construction of the statute would lead to peculiar results. For example, most prior "violent" felonies under section 667.5 will also constitute "serious" felonies under section 667, subdivision (a). Thus, imposition of enhancement terms under both statutes would transform five-year enhancements into eight-year enhancements in most cases. The court reasoned that if the drafters of section 667 had intended to create such eight-year terms, they could have done so by repealing section 667.5 and providing for longer enhancements in section 667. (*Jones, supra*, at p. 1150.)

In addition, the court pointed out that although the Legislature had amended sections 667 and 667.5 since passage of Proposition 8, it had not chosen to specify a cumulative term of imprisonment in either statute. On the other hand, subdivisions (a) and (b) of section 667.9 require imposition of a specified enhancement "in addition to the sentence provided under Section 667." The court concluded: "The Legislature's use of sentencing language cumulative to section 667 in section 667.9 and its omission of such language in section 667.5 show an intent not to require enhancements under both sections 667 and 667.5." (*People* v. *Jones, supra*, 5 Cal.4th at pp. 1150-1151, fn. 2.)

The Supreme Court's analysis in *Jones* is germane and decisive in the instant case. First, section 667.6, subdivision (a) applies to a set of facts

---

any prison term served prior to a period of five years in which the defendant remained free of both prison custody and the commission of an offense which results in a felony conviction." (§ 667.5, subd. (b).)

[6]Section 667, subdivision (b) provides: "This section shall not be applied when the punishment imposed under other provisions of law would result in a longer term of imprisonment. There is no requirement of prior incarceration or commitment for this section to apply."

included within the ambit of section 667. (See *People* v. *Jones, supra,* 5 Cal.4th at pp. 1148-1149; *People* v. *Jones, supra,* 12 Cal.App.4th at pp. 1115-1116.) The triggering event under section 667.6, subdivision (a) is the defendant's "prior conviction" of one of those certain sexual felonies the Legislature has found egregious enough to warrant the prescribed additional punishment. As with subdivision (b) of section 667.5, then, section 667.6, subdivision (a) must "necessarily" be a "lesser category" of the "prior felony convictions" covered by the "broad mandate" of article I, section 28, subdivision (f) of the California Constitution. (*People* v. *Prather, supra,* 50 Cal.3d at p. 440; see also *People* v. *Jones, supra,* 5 Cal.4th at pp. 1148-1149.)

Second, in enacting section 667 when section 667.6 was already law, the voters undoubtedly did not intend the two enhancements to be cumulative. Nothing in the language of either statute carries a contrary suggestion. (*People* v. *Jones, supra,* 12 Cal.App.4th at p. 1116.) Most, if not all, of the offenses listed in subdivision (a) of section 667.6 qualify as "serious" felonies under section 667.[7] Imposition of terms under both statutes would transform a five-year enhancement into a ten-year enhancement in many cases. If the drafters of section 667 had wanted this result, they could have achieved it by "repealing [section 667.6] and providing for the longer enhancement in section 667." (*People* v. *Jones, supra,* 5 Cal.4th at p. 1150.)

Finally, although the Legislature has amended section 667.6 a number of times since section 667 was enacted, it has "never chosen to specify a cumulative term of imprisonment as it did with section 667.9." (*People* v. *Jones, supra,* 5 Cal.4th at p. 1151, fn. 2.) The Legislature's use of the phrase "in addition to the sentence provided under Section 667" in section 667.9, and the omission of such language from section 667.6, subdivision (a), reflects "an intent not to require enhancements under both sections 667 and [667.6, subdivision (a)]." (*Jones, supra,* at p. 1151, fn. 2.)

---

[7]At the time Flournoy committed the present offense, section 667.6, subdivision (a) applied to "[a]ny person who is found guilty of violating subdivision (2) or (3) of Section 261, Section 264.1, subdivision (b) of Section 288, Section 288.5, Section 289, or of committing sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person . . . ."

At all times pertinent, subdivision (d) of section 667 has defined "serious felony" by reference to the serious felonies listed in subdivision (c) of section 1192.7. At the time of the present offense, these included rape; sodomy "by force, violence, duress, menace, threat of great bodily injury, or fear of immediate and unlawful bodily injury on the victim or another person"; oral copulation "by force, violence, duress, menace, threat of great bodily injury, or fear of immediate and unlawful bodily injury on the victim or another person"; lewd or lascivious act on a child under 14 years of age; and "any violation of subdivision (a) of Section 289 where the act is accomplished against the victim's will by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person . . . ." (§ 1192.7, subd. (c)(3)-(6) & subd. (c)(25).)

Because this is a case where "multiple statutory enhancement provisions are available for the same prior offense, one of which is a section 667 enhancement," only one may be imposed. (*People* v. *Jones, supra,* 5 Cal.4th at p. 1150.) Section 1385, subdivision (b) prohibits the striking of "any prior conviction of a serious felony for purposes of enhancement of a sentence under Section 667." Accordingly, we will order that the section 667.6, subdivision (a) enhancement be stricken. (See *People* v. *Jones, supra,* 5 Cal.4th at p. 1153; *People* v. *Jones, supra,* 12 Cal.App.4th at p. 1117.)

II., III.*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

### DISPOSITION

The following are stricken from the judgment:

1. The five-year enhancement imposed pursuant to section 667.6, subdivision (a) for the 1984 rape conviction in case No. 5931;

2. The five-year enhancement imposed pursuant to section 667, subdivision (a) for the 1984 burglary conviction in case No. 5931;

3. The one-year enhancement imposed pursuant to section 667.5, subdivision (b) for the 1981 attempted rape conviction in case No. 5150; and

4. The one-year enhancement imposed pursuant to section 667.5, subdivision (b) for the 1984 rape conviction in case No. 5931.

The superior court is directed to prepare an amended abstract of judgment and transmit it to all appropriate authorities. In all other respects, the judgment is affirmed.

Vartabedian, J., and Cornell, J.,† concurred.

---

*See footnote, *ante,* page 1695.
†Judge of the Merced Superior Court sitting under assignment by the Chairperson of the Judicial Council.