[No. E033787. Fourth Dist., Div. Two. June 10, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
FRANK THOMAS LOPEZ, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I, II, III, IV, V.B, V.C, and V.E.

**COUNSEL**

Patricia J. Ulibarri, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Robert M. Foster, Melissa A. Mandel and Erika Hiramatsu, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**RICHLI, J.**—Defendant invited neighborhood boys over to his house, then played a pornographic video for them. While one of the boys was lying prone, watching the video, defendant grabbed him by the waist and "pump[ed] him" up and down, to show him "how it's going to feel when you're with a girl"—i.e., to simulate sex. He then did the same thing to a second boy.

As a result, a jury found defendant guilty on two counts of a nonforcible lewd and lascivious act on a child under 14 (Pen. Code, § 288, subd. (a)), two counts of annoying or molesting a child (Pen. Code, § 647.6, subd. (c)(2)), and one count of using pornography to seduce a minor (Pen. Code, § 288.2, subd. (a)). Defendant admitted a multiple-victim special circumstance for purposes of the one strike law (Pen. Code, § 667.61). Defendant also admitted a prior sexual offense, for purposes of the habitual sexual offender law (Pen. Code, § 667.71), the three strikes law (Pen. Code, §§ 667, subd. (b)–(i), 1170.12), and a prior serious felony enhancement (Pen. Code, § 667, subd. (a)). Defendant was sentenced to 61 years to life in prison.

Defendant contends that the trial court, after sentencing him under the habitual sexual offender law, had to strike or dismiss the finding under the one strike law. He cites *People v. Snow* (2003) 105 Cal.App.4th 271 [129 Cal.Rptr.2d 314], which does indeed support this contention. In the published portion of this opinion, however, we will respectfully decline to follow *Snow*. We will hold that the one strike law finding must stand, for two reasons: first, it is not inconsistent with sentencing under the habitual sexual offender law; and second, in the event the habitual sexual offender law finding is ever invalidated on appeal or habeas corpus, it facilitates sentencing defendant under the one strike law.

In the unpublished portion of this opinion, we find no other prejudicial error. Accordingly, we will affirm.

I–IV*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

.

---

*See footnote, *ante*, page 355.

## V

## SENTENCING ISSUES

A. *Additional Factual and Procedural Background.*

At sentencing, defense counsel stated: "I would simply just ask the Court to consider, given Mr. Lopez's age, that the Court consider striking the strike and perhaps just sentencing him to 25 years to life rather than doubling . . . ." The trial court thanked defense counsel, then proceeded to sentence defendant as follows:

On count 5 (using pornography to seduce a minor), the principal term: the upper term of three years (Pen. Code, § 288.2, subd. (a)), doubled under the three strikes law, for a total of six years.

On count 1 (lewd and lascivious act on Benny): 25 years to life under the habitual offender law (Pen. Code, § 667.71, subd. (b)), doubled under the three strikes law (Pen. Code, §§ 667, subd. (e)(1), 1170.12, subd. (d)(1)), for a total of 50 years to life, to be served consecutively.

On count 2 (lewd and lascivious act on Chris): 50 years to life, on the same basis, stayed under Penal Code section 654.

On count 3 (child annoyance as to Benny): the upper term of six years (Pen. Code, § 647.6, subd. (c)(2)), doubled under the three strikes law, for a total of 12 years, but stayed under Penal Code section 654.

On count 4 (child annoyance as to Chris): a total of 12 years, on the same basis, also stayed under Penal Code section 654.

On the prior serious felony enhancement: five years, to be served consecutively. (Pen. Code, § 667, subd. (a).)

Accordingly, defendant's total sentence was 61 years to life in prison.

B., C.[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[*] See footnote, *ante,* page 355.

D. *Failure to Strike the Multiple-victim Special Circumstance Under the One Strike Law.*

Defendant contends the trial court erred by failing to dismiss or strike the true finding on the multiple-victim special circumstance. (Pen. Code, § 667.61, subd. (e)(5).)

In connection with counts 1 and 2, the information invoked two alternative sentencing schemes. First, for purposes of the habitual sexual offender law (Pen. Code, § 667.71), it alleged a qualifying prior sexual offense. (Pen. Code, § 667.71, subd. (c)(4).) Second, for purposes of the one strike law (Pen. Code, § 667.61), it alleged a multiple-victim special circumstance. (Pen. Code, § 667.61, subd. (e)(5).) Defendant admitted both allegations. The trial court opted to sentence defendant pursuant to the habitual sexual offender law rather than the one strike law.

■ Both the one strike law and the habitual sexual offender law are alternative sentencing schemes for specified sexual offenses, including—as here—nonforcible lewd conduct with a child under 14. (Pen. Code, §§ 667.61, subd. (c)(7), 667.71, subd. (c)(4).) The habitual sexual offender law provides for a sentence of 25 years to life when the defendant has previously been convicted of a specified sexual offense. The one strike law, by contrast, takes something of a Chinese menu approach. It contains two lists of special circumstances—the more serious ones in subdivision (d), and the less serious ones in subdivision (e). One of the subdivision (e) special circumstances is the so-called multiple-victim special circumstance—that "[t]he defendant has been convicted in the present case or cases of committing a [specified sexual] offense . . . against more than one victim." (Pen. Code, § 667.61, subd. (e)(5).) The one strike law also provides that:

1. When only one subdivision (e) special circumstance is found true, the defendant "shall be punished" by 15 years to life in prison (Pen. Code, § 667.61, subd. (b));

2. When two or more subdivision (e) special circumstances are found true, the defendant "shall be punished" by 25 years to life in prison (Pen. Code, § 667.61, subd. (a)); and

3. When one or more subdivision (d) special circumstances are found true, the defendant "shall be punished" by 25 years to life in prison (Pen. Code, § 667.61, subd. (a)).

The one strike law then provides that: "If only the minimum number of circumstances specified in subdivision (d) or (e) which are required for the punishment provided in [this section] to apply have been pled and proved, that circumstance or those circumstances shall be used as the basis for imposing the term provided in [this section] rather than being used to impose the punishment authorized under any other law, *unless another law provides for a greater penalty*. However, if any additional circumstance or circumstances specified in subdivision (d) or (e) have been pled and proved, the minimum number of circumstances shall be used as the basis for imposing the term provided in [this section], and any other additional circumstance or circumstances shall be used to impose any punishment or enhancement authorized under any other law." (Pen. Code, § 667.61, subd. (f), italics added.)

Last, but for our purposes, not least, the one strike law also provides: "Notwithstanding any other law, the court shall not strike any of the circumstances specified in subdivision (d) or (e)." (Pen. Code, § 667.61, subd. (f).)

Striking the multiple-victim special circumstance would violate this express prohibition. (Cf. *People v. Bracamonte* (2003) 106 Cal.App.4th 704, 713 [131 Cal.Rptr.2d 334] [enhancements under Pen. Code, § 12022.53, subds. (b) and (c) had to be stayed, rather than stricken, because Pen. Code, § 12022.53, subd. (h) prohibits striking them].) Even ignoring this reason for *not* striking it, we see no reason *for* striking it. The true finding under the one strike law and the true finding under the habitual sexual offender law could coexist peaceably.

The habitual sexual offender law provides that a defendant who meets its criteria "is punishable by imprisonment in the state prison for 25 years to life." (Pen. Code, § 667.71, subd. (b).) The one strike law, on the other hand, provides that when, as here, only one subdivision (e) special circumstance is found true, the defendant "shall be punished by imprisonment in the state prison for life and shall not be eligible for release on parole for 15 years . . . ." (Pen. Code, § 667.61, subd. (b).) As construed by the Supreme Court, this "establishes a floor—a minimum term a qualifying defendant must serve—but does not require sentencing under the statute to the exclusion of any other sentencing provisions, or preclude imposing a total sentence that is greater than the term of the One Strike law when other factors warrant greater

punishment." (*People v. Acosta* (2002) 29 Cal.4th 105, 124 [124 Cal.Rptr.2d 435, 52 P.3d 624].) Here, defendant *was* punished by imprisonment for life, and he *will not* be eligible for parole for 15 years—and not for an additional 35 years thereafter.

Moreover, the one strike law specifies that, when only one subdivision (e) special circumstance is found true, "that circumstance or those circumstances *shall be used* as the basis for imposing the term provided in [this section] rather than being used to impose the punishment authorized under any other law, *unless another law provides for a greater penalty*." (Pen. Code, § 667.61, subd. (f), italics added; see also *People v. Acosta, supra*, 29 Cal.4th at p. 124.) In this case, the habitual sexual offender law *did* provide for a greater penalty. Thus, the trial court could and did sentence defendant pursuant to the habitual sexual offender law; the true finding under the one strike law did not require it to do otherwise. There is no reason to strike this finding.

Nevertheless, we are aware of two cases (albeit from the same appellate court) holding that, when both the one strike law and the habitual sexual offender law apply, the trial court must sentence under one and must strike the finding under the other.

The first was *People v. Johnson* (2002) 96 Cal.App.4th 188 [116 Cal.Rptr.2d 742] (Fourth Dist., Div. One), disapproved on other grounds in *People v. Acosta, supra*, 29 Cal.4th at p. 134, fn. 13. There, the trial court imposed a sentence under the one strike law (which it doubled under the three strikes law). It also imposed a sentence under the habitual sexual offender law but stayed it, citing Penal Code section 654. (*Johnson*, at p. 193.)

The appellate court held that the one strike law and the habitual sexual offender law are mutually exclusive and that the trial court has discretion to choose which one to apply. (*People v. Johnson, supra,* 96 Cal.App.4th at pp. 204–207.) It also held, however, that the trial court erred by staying the sentence under the law not chosen, purportedly pursuant to Penal Code section 654. It explained that Penal Code section 654 does not apply to alternative sentencing schemes. (*Johnson*, at pp. 207–209.) Instead, analogizing to "certain recidivist enhancements," it held that the trial court was required to strike the unused "alternative penalty." (*Id.* at pp. 208–209, citing *People v. Jones* (1993) 5 Cal.4th 1142, 1147–1152 [22 Cal.Rptr.2d 753, 857 P.2d 1163].) In a footnote, the court added: "Although it has been

determined that a trial court has no authority to strike any of the circumstances specified in subdivision (d) of section 667.61 once they have been pled and proved [citations], nothing in section 667.61 precludes a court from striking the punishment for those circumstances where the defendant is sentenced under an alternative sentencing scheme." (*Johnson*, at p. 209, fn. 13.)

Much of the analysis in *Johnson* turned on certain statutory language that was in effect when the charged crimes were committed but which—as the court noted—had been deleted in 1998. (*People v. Johnson, supra,* 96 Cal.App.4th at pp. 204–206.) In *People v. Snow, supra,* 105 Cal.App.4th 271, the court held that *Johnson* remained good law even after the amendment. (*Snow,* at pp. 281–282.) Thus, the court reiterated that "the one strike law and the habitual sexual offender law continue to be alternative sentencing schemes: a sentence may be imposed under one of the sentencing schemes, but not both, and the decision to choose which sentencing scheme to impose is within the reasonable discretion of the sentencing court." (*Id.* at p. 282.) It also reiterated that: "[S]ection 654 does not apply to alternative sentencing schemes. [Citations.]" (*Id.* at p. 283.)

Citing *Johnson,* the court in *Snow* concluded that when "the alternative sentencing schemes of section[s] 667.61 and 667.71 apply, the sentencing court has discretion to choose one of the sentencing schemes and then must strike or dismiss, rather than stay, the sentence under the other. [Citation.]" (*People v. Snow, supra,* 105 Cal.App.4th at p. 283.) The court therefore "vacate[d] the habitual sex offender true finding." (*Id.* at p. 284.)

To sum up, in holding that the unused sentencing finding must be stricken or dismissed, *Snow* relied on *Johnson*; *Johnson,* in turn, relied on *People v. Jones, supra,* 5 Cal.4th 1142.[2]

In *Jones,* the trial court had imposed both a five-year prior serious felony enhancement (Pen. Code, § 667, subd. (a)) and a one-year prior prison term enhancement (Pen. Code, § 667.5, subd. (b)), based on the same prior conviction. (*People v. Jones, supra,* 5 Cal.4th at p. 1145.) The Supreme Court held this improper. It relied on the provision of Penal Code section 667 that stated: ". . . 'This section shall not be applied when the punishment imposed under other provisions of law would result in a longer term of imprisonment. . . .' " (*Jones,* at p. 1149, quoting former Pen. Code, § 667, subd. (b); see now Pen. Code, § 667, subd. (a)(2).) It construed this to mean "that when multiple statutory enhancement provisions are available for the same prior

---

[2] Actually, *Johnson* relied on both *Jones* and *People v. Flournoy* (1994) 26 Cal.App.4th 1695 [32 Cal.Rptr.2d 188]. (*People v. Johnson, supra,* 96 Cal.App.4th at p. 209.) *Flournoy,* however, merely cited and followed *Jones.* Thus, it did not add anything to the analysis.

offense, one of which is a section 667 enhancement, the greatest enhancement, but only that one, will apply." (*Jones*, at p. 1150.) The court therefore remanded "with directions to strike the one-year enhancement . . . under subdivision (b) of section 667.5 . . . ." (*Id.* at p. 1153.)

*Jones*, however, did not actually discuss whether striking the unused enhancement finding was the appropriate remedy. As the Supreme Court has often reminded us, "cases are not authority for propositions not considered. [Citations.]" (*People v. Alvarez* (2002) 27 Cal.4th 1161, 1176 [119 Cal.Rptr.2d 903, 46 P.3d 372], and cases cited.) Moreover, it is not at all clear whether the court intended to strike the enhancement *finding* or the *punishment* for the enhancement. Since the trial court had sentenced the defendant to a separate and consecutive term for each enhancement, certainly the court had to do *something* to eliminate the excess punishment. Thus, *Jones* is not authority for the proposition that an unused enhancement *finding* must be stricken.

The correct procedure would have been to impose a sentence on the barred enhancement, but then stay execution of that sentence. California Rules of Court, rule 4.447 (rule 4.447) provides that: "No finding of an enhancement shall be stricken or dismissed because imposition of the term is either prohibited by law or exceeds limitations on the imposition of multiple enhancements. The sentencing judge shall impose sentence for the aggregate term of imprisonment computed without reference to those prohibitions and limitations, and shall thereupon stay execution of so much of the term as is prohibited or exceeds the applicable limit. The stay shall become permanent upon the defendant's service of the portion of the sentence not stayed." This rule is intended "to avoid violating a statutory prohibition or exceeding a statutory limitation, while preserving the possibility of imposition of the stayed portion should a reversal on appeal reduce the unstayed portion of the sentence. [Citation.]" (Advisory Com. com., 23 pt. 2 West's Ann. Codes, Rules (2004 supp.) foll. rule 4.447, p. 143.)

■ It is important to distinguish between two possible reasons for staying the sentence on an enhancement. Ordinarily, an enhancement must be either imposed or stricken "in furtherance of justice" under Penal Code section 1385. (*People v. Bradley* (1998) 64 Cal.App.4th 386, 391 [75 Cal.Rptr.2d 244]; *People v. Irvin* (1991) 230 Cal.App.3d 180, 191–192 [281 Cal.Rptr. 195].) The trial court has no authority to stay an enhancement, rather than strike it—not, at least, when the only basis for doing either is its own discretionary sense of justice. (*People v. Haykel* (2002) 96 Cal.App.4th 146, 152 [116 Cal.Rptr.2d 667]; *People v. Eberhardt* (1986) 186 Cal.App.3d 1112, 1121–1124 [231 Cal.Rptr. 387].)

■ But rule 4.447 has nothing to do with a *discretionary* stay of an enhancement. It is limited to the situation in which an enhancement that *otherwise* would have to be either imposed or stricken is barred by an overriding statutory prohibition. In that situation—and that situation only—the trial court can and should stay the enhancement. (E.g., *People v. Campbell* (1995) 40 Cal.App.4th 1666, 1674, fn. 7 [48 Cal.Rptr.2d 340], disapproved on other grounds in *People v. Ledesma* (1997) 16 Cal.4th 90, 101, fn. 5 [65 Cal.Rptr.2d 610, 939 P.2d 1310]; *People v. Johnson* (1986) 188 Cal.App.3d 182, 190–191 [232 Cal.Rptr. 202]; *People v. Whigam* (1984) 158 Cal.App.3d 1161, 1169 [205 Cal.Rptr. 227], disapproved on other grounds in *People v. Poole* (1985) 168 Cal.App.3d 516, 524, fn. 7 [214 Cal.Rptr. 502].)

■ A stay under rule 4.447 is not issued under Penal Code section 654. Nevertheless, it is analogous. In both situations, the stay has no express statutory basis. It is implied, so that a defendant who is subject to one of two alternative punishments will not be wrongly subjected to the other; if, however, one of the two punishments is invalidated, the defendant will still be subject to the remaining one. By contrast, *Johnson* and *Snow*, by holding that the unused finding must be stricken, do not deal with the risk that the used finding may be invalidated.

We do understand that, even if the unused finding is stricken, it may later be "revived by operation of law." (*People v. Bracamonte, supra,* 106 Cal.App.4th at p. 712, fn. 5.) For example, if for some reason we invalidated the actual sentence in this appeal, we could impose the correct alternative sentence ourselves; or, we could just remand for resentencing. Similarly, if the actual sentence is invalidated in a state or federal habeas corpus proceeding, the habeas corpus court could give the trial court an opportunity to impose the correct alternative sentence. (See *North Carolina v. Pearce* (1969) 395 U.S. 711, 714 [23 L.Ed.2d 656, 89 S.Ct. 2072]; Pen. Code, § 1484; *People v. Barocio* (1989) 216 Cal.App.3d 99, 111–112 [264 Cal.Rptr. 573].)

■ Despite this, our Supreme Court has repeatedly indicated that—at least in the context of Penal Code section 654 —it is the possibility that the actual sentence may be invalidated that requires the trial court to stay, rather than dismiss, the prohibited portion of the sentence. (*People v. Pearson* (1986) 42 Cal.3d 351, 360 [228 Cal.Rptr. 509, 721 P.2d 595]; *In re Wright* (1967) 65 Cal.2d 650, 655 and 655, fn. 4 [56 Cal.Rptr. 110, 422 P.2d 998], citing *People v. Niles* (1964) 227 Cal.App.2d 749, 755–756 [39 Cal.Rptr. 11].) The Judicial Council relied on the same reasoning in adopting rule 4.447. We believe that is because a stay makes the trial court's intention clear—it is staying part of the sentence only because it thinks it must. If, on the other hand, the trial court were to strike or dismiss the prohibited portion of the sentence, it might be misunderstood as exercising its discretionary power under Penal Code section 1385. There is something to be said for clarity, particularly when there is always the possibility that the actual

sentence may be struck down many years after the fact, by a different state or federal judge. There is also something to be said for having one clear rule for the trial court to follow whenever part of a sentence is barred.

In sum, we do agree with the *Johnson/Snow* court that two alternative sentencing schemes, such as the one strike law and the habitual sexual offender law, are analogous to two alternative enhancements, such as in *Jones*. We do not agree, however, that *Jones* is authority for striking the unused alternative. And even if it were, we see no way around the unequivocal command that "the court shall not strike" any special circumstance finding under the one strike law. (Pen. Code, § 667.61, subd. (f).)

Here, the trial court properly chose to proceed under the habitual sexual offender law. We therefore need not decide whether it could have proceeded under the one strike law instead, nor what, in that event, it would have had to do with the unused finding under the habitual sexual offender law.

■ The trial court also properly allowed the unused finding under the one strike law to stand; it was not inconsistent with the sentence, so there was no need to strike, dismiss, or stay it.

Finally, we believe the trial court could have imposed a "fallback" sentence under the one strike law, then stayed it, with the stay to become permanent upon defendant's service of his actual sentence under the habitual sexual offender law. Although it did not do so, it did do the most important thing—it let the one strike law finding stand, and it thereby preserved the possibility of resentencing defendant, if necessary, under the one strike law.

We therefore decline to strike or dismiss the multiple-victim special-circumstance finding under the one strike law.

E.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante*, page 355.

## VI

## DISPOSITION

The judgment is affirmed. The trial court is directed to amend the sentencing minute order and the abstract of judgment as indicated in part V.E of this opinion and to forward a certified copy of the amended abstract to the Department of Corrections. (Pen. Code, §§ 1213, 1216.)

Ramirez, P. J., and Ward, J., concurred.

On July 9, 2004, the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied September 15, 2004.